UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| WILLIAM L. GHOLSTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:25-cv-01162-JRO-MJD |
| | ) | |
| MELISSA RUTLEDGE, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER DISMISSING AMENDED COMPLAINT AND DIRECTING ENTRY OF FINAL JUDGMENT**

Plaintiff William Gholston filed this action on June 12, 2025. Dkt. 1. Gholston's original complaint focused on an incident that allegedly occurred in April 2023. *Id.* The Court screened Gholston's complaint and ordered him to show cause why his case should not be dismissed on statute of limitations grounds. Dkt. 12; *see Dickens v. Illinois*, 753 F. App'x 390, 392 (7th Cir. 2018) (courts should consider statute of limitations at screening). Gholston responded and argued that he filed a grievance on April 8, 2023, but did not receive a response until September 18, 2023, when Melissa Rutledge stated that his grievance was still under investigation. Dkt. 14. To date, Gholston has not received notice of the outcome of the investigation. *Id.* at 1–2. The Court then discharged the show cause order, screened and dismissed Gholston's complaint for failure to state a claim, and provided an opportunity to amend. Dkt. 23. Now before the Court is Gholston's amended complaint, dkt. 29, which the Court screens and dismisses. The Court also directs the entry of final judgment.

## I. SCREENING STANDARD

When screening a complaint, the Court must dismiss any portion that is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). To determine whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Schillinger v. Kiley*, 954 F.3d 990, 993 (7th Cir. 2020). Under that standard, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court construes *pro se* complaints liberally and holds them to a "less stringent standard than pleadings drafted by lawyers." *Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017).

## II. AMENDED COMPLAINT

Gholston's factual allegations are accepted as true at the pleading stage. *See Lisby v. Henderson*, 74 F.4th 470, 472 (7th Cir. 2023). He sues eleven defendants: (1) Melissa Rutledge; (2) Sgt. Hackman; (3) Warden Sevier; (4) S. Nelson; (5) Assistant Warden Fitch; (6); Program Director French; (7) Internal Investigator Joseph; (8) Counselor T. Terrell; (9) Lt. Krul; (10) #80 Staff OII Personnel; and (11) PREA Dept. "Staff to be Named." Dkt. 29 at 1–2.

In his amended complaint, Gholston alleges that on April 8, 2023, while he was urinating, Sgt. Hackman committed a PREA violation by holding the door open and exposing Gholston's private parts for Sgt. Hackman and other inmates to see. Sgt. Hackman threatened Gholston after he asked for a grievance form. Ultimately, he was able to file a grievance but felt that the facility staff overlooked his complaint. He filed another grievance, but did not receive a response. He also wrote to facility head French and Joseph, who also failed to respond. Melissa Rutledge notified Gholston that the case was forwarded to the PREA department. As a result of this incident, Gholston has become paranoid and distrusting of the officers at New Castle. Gholston believes that Sgt. Hackman retaliated against him. He seeks punitive damages.

## III. DISMISSAL OF AMENDED COMPLAINT

As an initial matter, any claims against Lt. Krul and Terrell are dismissed for failure to state a claim. "[I]ndividual liability under § 1983 . . . requires personal involvement in the alleged constitutional deprivation." *Colbert v. City of Chicago*, 851 F.3d 649, 657 (7th Cir. 2017) (internal quotation omitted). The complaint does not allege any facts against these individuals. Rather, they are merely listed as parties to the complaint. Dkt. 1 at 1. Accordingly, all claims against Lt. Krul and Terrell are **dismissed** for lack of personal involvement.

Similarly, any claim against #80 Staff or "Staff to be Named" are dismissed for failure to state a claim. "[I]t is pointless to include [an] anonymous defendant [ ] in federal court; this type of placeholder does not open the door to relation back under Fed. R. Civ. P. 15, nor can it otherwise help the plaintiff." *Wudtke v.*

*Davel*, 128 F.3d 1057, 1060 (7th Cir. 1997) (internal citations omitted). Bringing suit against unnamed, or "John Doe," defendants in federal court is generally disfavored by the Seventh Circuit. Even if Gholston had identified the individual #80 staff, he has not alleged their personal involvement in any misconduct. Accordingly, all claims against #80 Staff and "Staff to be Named" are **dismissed.**

Further, as the Court explained in the original screening order, to the extent Gholston alleges that Warden Sevier, Melissa Rutledge, Shane Nelson, French, Joseph, and Fitch failed to process or denied his PREA grievances, these allegations fail to state a claim because an inmate has no due process right to a grievance process. Failing to respond to grievances or failing to follow the IDOC's grievance policy does not violate the Constitution. "Prison grievance procedures are not mandated by the First Amendment and do not by their very existence create interests protected by the Due Process Clause." *Owens v. Hinsley*, 635 F.3d 950, 953 (7th Cir. 2011) (citing *George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007)). Any claim against Warden Sevier, Melissa Rutledge, Shane Nelson, French, Joseph, Fitch based on their alleged mishandling of grievances is **dismissed.**

Finally, Gholston’s claim against Sgt. Hackman related to a PREA violation is dismissed. "[T]hough PREA is a federal law, it does not create a private cause of action." *McRae v. Myers*, No. 22-1821, 2023 WL 2423590, at *3 (7th Cir. Mar. 9, 2023), *cert. denied*. There also is no "freestanding constitutional right to [a PREA] investigation under § 1983." *Bracy v. Tully*, No. 1:22-CV-827, 2022 WL 3229325, at *3–4 (E.D. Va. Aug. 10, 2022) (collecting cases).

Likewise, Sgt. Hackman's conduct—holding a cell door open while Gholston was urinating—does not, without more, give rise to an Eighth Amendment violation. *See Johnson v. Phelan*, 69 F.3d 144 (7th Cir. 1995) (holding that monitoring of male prisoners' use of showers and toilets by both male and female guards did not violate either the Fourth or Eighth Amendments); *Henry v. Hulett*, 969 F.3d 769, 783 (7th Cir. 2020) (overruling *Johnson's* reasoning that inmates have no right to privacy but affirming that the result in the case was correct). *See also Mays v. Springborn*, 575 F.3d 643, 649 (7th Cir. 2009) (stating the plaintiff was subjected to daily searches in front of other inmates done in knowing violation of the prison's regulations during which guards did not regularly change their latex gloves and made demeaning comments while searching naked inmates); *cf. Washington v. Hively*, 695 F.3d 641, 643 (7th Cir. 2012) ("An unwanted touching of a person's private parts, intended to humiliate the victim or gratify the assailant's sexual desires, can violate a prisoner's constitutional rights whether or not the force exerted by the assailant is significant."). For example, the amended complaint does not allege that Sgt. Hackman was motivated by a desire to harass or humiliate him. *King v. McCarty*, 781 F.3d 889, 897 (7th Cir. 2015) (discussing strip search under Eighth Amendment and finding that authorities violate the constitution when they treat convicted prisoners in a way that is "motivated by a desire to harass or humiliate" or "intended to humiliate and cause psychological pain.") (quoting *Mays v. Springborn*, 575 F.3d 643, 649 (7th Cir. 2009)); *Calhoun v. DeTella*, 319 F.3d 936, 939 (7th Cir. 2003) (vacating § 1915A dismissal of male prisoner's

Eighth Amendment claim that he was strip searched in view of female guards in a humiliating manner). Any claims against Sgt. Hackman or any other defendants based on an alleged PREA violation or the alleged inadequacy or irregularities related to the PREA investigation are **dismissed**.

Finally, Gholston attempts to present this set of facts under a new legal theory: retaliation. To state a First Amendment retaliation claim, Gholston must allege that: (1) he engaged in activity protected by the First Amendment; (2) he suffered a deprivation that would likely deter First Amendment activity; and (3) the protected activity he engaged in was at least a motivating factor for the retaliatory action. *Archer v. Chisholm*, 870 F.3d 603, 618 (7th Cir. 2017) (citing *Bridges v. Gilbert*, 557 F.3d 541, 546 (7th Cir. 2009); *Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 287 (1977)). But threatening to file a grievance is not a protected First Amendment activity. *See Bridges v. Gilbert*, 557 F.3d 541, 555 (7th Cir. 2009) ("[I]t seems implausible that a *threat* to file a grievance would itself constitute a First Amendment-protected grievance.").

Because the Court has been unable to identify a viable claim for relief against any particular defendant, the complaint is subject to dismissal.

## IV. CONCLUSION

Because the amended complaint does not cure the deficiencies discussed in the Court's screening Order, the action is now **dismissed for failure to state a claim upon which relief can be granted.** Judgment consistent with this Order shall now issue.

Also, because this case is being dismissed for failure to state a claim, the

plaintiff is warned that it may constitute a "strike" under 28 U.S.C. § 1915(g), which limits a prisoner's ability to proceed *in forma pauperis* after having three cases or appeals dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted. *See Hill v. Madison Cty., Ill.*, 983 F.3d 904, 906 (7th Cir. 2020) ("It makes good sense for a judge who believes a dismissal to come within the scope of § 1915(g) to include notice to that effect," even though later courts must make the conclusive determination of whether each prior dismissal meets the statutory definition).

**SO ORDERED.**

Date: 10/21/2026

Justin R. Olson
United States District Judge
Southern District of Indiana

Distribution:

WILLIAM L. GHOLSTON
874592
NEW CASTLE - CF
NEW CASTLE CORRECTIONAL FACILITY - Inmate Mail/Parcels
1000 Van Nuys Road
P.O. Box E
NEW CASTLE, IN 47362